**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6707**

_____

MARVIN MOORE,

        Plaintiff - Appellant,

    v.

C.O. WATTONS; C.O. GARRISON; CAPT. GUNDIFF,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:23-cv-00565-CMH-IDD)

_____

Submitted:  December 23, 2025               Decided:  December 31, 2025

_____

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Marvin Maurice Moore, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Maurice Moore seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915A. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 8, 2025, and the appeal period expired on August 7, 2025. Moore filed the notice of appeal on August 13, 2025.* Because Moore failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

    * For the purpose of this appeal, we assume that the postmark date is the earliest date that Moore could have delivered the notice of appeal to prison officials for mailing to the court. Fed. R. App. P. 4(c)(7); *Houston v. Lack*, 487 U.S. 266, 276 (1988).